## James Utz _v._ Commonwealth.

[Kentucky Law Reporter, Vol. 3—88.]

**Criminal Law—Larceny.**

     Where a minor exchanges his mare for another animal, and after the exchange goes at night and takes the mare originally belonging to him from the possession of the person to whom he traded her, and makes no effort to conceal the fact of his possession, these acts do not show a felonious intent but rather a purpose to repudiate his contract.

### APPEAL FROM BOONE CIRCUIT COURT.

June 25, 1881.

Opinion by Judge Pryor:

That the accused took the mare with the intention of keeping

her is no evidence of a felonious intent from the facts found in this record. The proof shows that the accused was about eighteen years of age, and had exchanged this mare, alleged to have been stolen by him, with one R. L. Willis for an animal belonging to Willis; that after the exchange he went at night and took the mare originally belonging to him from the possession of Willis, and carried her across the river; that he made no effort at concealing the fact of his possession, nor did any other act save that of taking the mare in the night, involving a felonious intent. While the entry on the premises of Willis was a trespass, the accused, having regained the mare, had the right to trade her as his own and to repudiate the contract. Nor does the fact of Willis' knowledge as to his infancy affect the question of guilt or innocence. If the taking was to repudiate the contract and reclaim that which he had the right to demand he was not guilty of the alleged larceny.

In *Williams v. Norris*, 2 Litt. (Ky.) 157, Annie Gillespie, an infant, sold to Williams a certain mare, and afterwards regained the possession and sold the mare to Norris. Williams brought action of trover against Norris for the animal, and the latter, in order to defeat the recovery by Williams, offered to prove that at the time of sale to Williams, Annie Gillespie was an infant, and the court below excluded the evidence. This court held, that, being an infant, the vendor had the right to disaffirm the sale, and if she did so and regained the possession, no matter how, she had the right to resell it.

So, in this case, if the appellant, repudiating the sale, had resold it to a third party, the title could have passed, and it must reasonably follow that he was entitled, upon the facts of this record, to an acquittal instead of a conviction.

Judgment *reversed* and cause remanded with directions to award a new trial.

*J. J. Landrum, for appellant.*

*P. W. Hardin, for appellee.*

[Cited, *Blake v. Ray*, 110 Ky. 705, 23 Ky. L. 84, 62 S. W. 531; *Triplett v. Commonwealth*, 122 Ky. 35, 28 Ky. L. 974, 91 S. W. 281.]